1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ST. PAUL FIRE AND MARINE              Case No. 11cv1839 BTM(JMA)
     INSURANCE COMPANY,
12                                         **ORDER CONDITIONALLY**
                              Plaintiff,   **GRANTING MOTION TO SET ASIDE**
13        v.                               **DEFAULT JUDGMENT**

14   VIRGINIA SURETY COMPANY, INC.,

15                             Defendant.

16

17        Defendant Virginia Surety Company, Inc. ("Virginia Surety") has filed a Motion to Set

18   Aside Default and Default Judgment or to Amend Default Judgment.  On February 4, 2013,

19   the Court ordered supplemental briefing on the motion.  Upon review of the supplemental

20   papers, the Court **GRANTS** Virginia Surety's Motion to Set Aside Default and Default

21   Judgment **on the condition** that Virginia Surety pay Plaintiff reasonable attorney's fees in

22   the amount of $11,100.

23                                  **DISCUSSION**

24        In the Court's Order dated February 4, 2013, the Court ordered supplemental briefing

25   from Virginia Surety on the issue of a meritorious defense and from St. Paul Fire and Marine

26   Insurance Co. ("St. Paul") on the issue of reasonable attorney's fees for moving for entry of

27   default, bringing the motion for default judgment, and defending the motion to set aside.

28        In response to the Court's order, Virginia Surety provided more detail regarding its

defenses but also requested in the alternative that it be allowed to withdraw its motion to set aside if the Court would reduce the monetary portion of the default judgment to $75,000.

In a footnote in its prior Order, the Court noted that under California law, where a complaint prays for damages "in excess" of a specific dollar amount, the damages awarded on default judgment may not exceed the specific dollar amount. See Cal. Civ. Proc. Code § 580; Becker v. S.P.V. Construction Co., 27 Cal.3d 489 (1989). However, it appears that under Federal Rule of Civil Procedure 54(c) – which provides, "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings" – the complaint need not allege the precise amount of monetary damages in order for a plaintiff to recover the damages on default judgment. In Henry v. Sneiders, 490 F.2d 315 (9th Cir. 1974), the complaint prayed for $71,243.68, which the plaintiff had paid to the defendants, in addition to additional damages for breach of contract to be proved at trial. The Ninth Circuit held that the prayer was not limited to $71,243.68 and that the default judgment award of $235,338.89 did not "exceed the amount prayed for." See also, Merrifield v. Miner's Inn Restaurant & Lounge, 2006 WL 4285241, at *3 (E.D. Cal. Sept. 25, 2006) ("It has been held that where a type of damages is requested in the complaint in an amount to be proved, but the amount is not specified, recovery in excess of an amount stated is permitted.")

Under Fed. R. Civ. P. 54(c), as interpreted by the Ninth Circuit, the monetary portion of the default judgment did not exceed the amount demanded in the Complaint because the Complaint seeks monetary damages for the defense costs already incurred by St. Paul in the San Diego Action and Woodland Creek Action, "in an amount that is determined to be fair and equitable, with interest thereon at the proscribed [sic] legal rate." (Compl., Prayer for Relief ¶ 1.) Therefore, the Court declines to modify the default judgment, which means that Virginia Surety will no longer wish to withdraw its motion to set aside the default judgment.

Turning to the motion to set aside default judgment, previously, the Court held that Virginia Surety's conduct was not culpable and that St. Paul would not be prejudiced by the setting aside of the default judgment if it was reimbursed its reasonable attorney's fees. The

1 | Court also found that Virginia Surety had fallen short of setting forth facts that would
2 | constitute a meritorious defense and ordered supplemental briefing on the issue.

3 | Based on Virginia Surety's supplemental submission, the Court is satisfied that
4 | Virginia Surety has alleged sufficient facts to support a meritorious defense.  A defendant
5 | seeking to set aside default must allege sufficient facts that, if true, would constitute a
6 | defense.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001).
7 | However, the burden on a party seeking to vacate a default judgment is not extraordinarily
8 | heavy. Id.  With respect to the San Diego Action, Virginia Surety alleges facts (set forth in
9 | the letter attached as Ex. A to Def.'s Supp. Brief) supporting a defense that the alleged
10 | property damage began prior to the inception of the Virginia Surety policy and fell with the
11 | policy's "Progressive, Continuous or Intermittent 'Property Damage' Exclusion."  As for the
12 | Woodland Creek Action, Virginia Surety alleges facts regarding a reservation of rights by St.
13 | Paul that created a conflict of interest between Wind River and Bjork and prevented Virginia
14 | Surety from coordinating the defense in such a way as to avoid a conflict of interest between
15 | the two additional insureds.  (Supp. Decl. of Kathie Weldy ¶¶ 3-6.)   In addition, even
16 | assuming that Virginia Surety is responsible for half of the attorney's fees for defending Bjork
17 | and Wind River, Virginia Surety alleges facts disputing the amount of damages St. Paul
18 | claims that it is owed.  (Id. at ¶¶ 5-8.)

19 | Therefore, the Court will grant the motion to set aside on the condition that Virginia
20 | Surety reimburse St. Paul the reasonable attorney's fees it incurred in connection with the
21 | default and default judgment proceedings.  St. Paul has requested fees of $15,688.00 (84.8
22 | hours at the rate of $185 per hour).  Although the Court finds the hourly rate of $185 per
23 | hour to be  reasonable, the Court finds the claimed number of hours to be somewhat
24 | excessive.  Upon review of the billing statements, the Court determines that 60 hours is a
25 | reasonable number of hours for performing the work that was done.  Therefore, the Court
26 | conditions the setting aside of the default and default judgment on the payment of
27 | reasonable attorney's fees in the amount of $11,100.

28 |

11cv1839 BTM(JMA)

## CONCLUSION

For the reasons discussed above, the Court **conditionally GRANTS** Virginia Surety's motion to set aside default and default judgment.  Within 20 days of the entry of this Order, Virginia Surety shall pay to Plaintiff's counsel $11,100, representing reasonable attorney's fees, and shall file a notice with the Court that the payment has been made.  Upon receipt of the notice, the Court shall enter an order granting Virginia Surety's motion to set aside the default and default judgment and vacating the default and default judgment.  If the payment is not made within the prescribed time, the Court will deny the motion to set aside.

**IT IS SO ORDERED.**

DATED:  March 11, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court